UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | ) 1:08CV0805 |
| | ) |
| Plaintiff | ) |
| | ) MAGISTRATE JUDGE McHARGH |
| v. | ) |
| | ) |
| COVERALL No. AMER., INC., | ) |
| | ) |
| Defendant | ) MEMORANDUM |
| | ) AND ORDER |

McHARGH, MAG. J.

The plaintiff JPMorgan Chase Bank, N.A. ("Chase") filed a complaint against defendant Coverall North America, Inc. ("Coverall") alleging 1) conversion of personal property, 2) recovery of attorney fees and punitive damages, 3) unjust enrichment, 4) tortious interference with contract, and, 5) impairment of security interest. (Doc. 1.)

Defendant Coverall filed an answer (doc. 6); as well as a third-party complaint (doc. 7) against Dun and Bradstreet, Inc. ("Dun & Bradstreet," or, "D&B"); Carol Cassese; Patrick Cassese; and CPS Environmental Services, Inc. ("CPS"), which alleges breach of contract, indemnification, fraudulent inducement, negligent misrepresentation, conversion, unjust enrichment, and negligence.

Third-party defendant Dun & Bradstreet has filed a motion for summary judgment (doc. 36) on each of the claims against it.

I. SUMMARY JUDGMENT

Summary judgment is appropriate where the entire record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist. See Bryant v. Commonwealth of Kentucky, 490 F.2d 1273, 1275 (6th Cir. 1974). The Supreme Court has held that:

> . . . Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The evidence need not be in a form admissible at trial in order to avoid summary judgment, but Rule 56(e) requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

Id. at 324.

The Sixth Circuit in Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989), has interpreted Celotex and two related cases, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio, 475 U.S. 574 (1986), as establishing a "new era" of favorable regard for summary judgment motions. Street points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an

2

essential element of the non-movant's case. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. Street, 886 F.2d at 1479.

The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Id. In ruling on a motion for summary judgment, the court must construe the evidence, as well as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir. 1990).

## II. FACTUAL BACKGROUND

This court must construe the evidence in the light most favorable to Coverall, as the party opposing the motion. Coverall is a national franchiser of commercial janitorial cleaning services. In August 2006, Coverall entered into an agreement with cross-defendants CPS, Carol Cassese and Patrick Cassese for the purchase of various commercial cleaning accounts of CPS. The confidential purchase agreement ("purchase agreement") provided for the purchase of accounts[1] and an inventory of

---

[1] Counsel for Chase states that CPS sold all of its janitorial contracts to Coverall, with a single exception. (Doc. 32, Cannon aff., at ¶ 3.)

cleaning supplies, as well as covenants not to compete by the Casseses. (Doc. 28, DX 1, at §§ 2, 5-8.)

Coverall states that it paid a total of $196,037.50 to CPS, Carol Cassese and Patrick Cassese. (Doc. 28, DX 2, Vlaming aff., at ¶ 3.) The purchase price of $234,000 identified in the purchase agreement was "subject to adjustments as provided in this Agreement, for the Accounts . . . less $120,000 payable to Carol Cassese and Patrick J. Cassese as consideration for their non-competition covenants." (Doc. 28, DX 1, at § 7.)

Coverall states that it acquired the accounts without any knowledge of the existence of a security agreement between Chase and CPS and the Casseses which purported to place a security interest in the accounts on behalf of Chase, or of any lien by Chase on the accounts. (Doc. 28, DX 2, Vlaming aff., at ¶¶ 5-6.) Also, Coverall says that it "obtained representations and warranties from CPS and Carol Cassese that the accounts were free from any liens or claims, and indemnifications from CPS, Carol Cassese and Patrick Cassese for any claims arising out of the purchase fo the accounts." (Doc. 28, at 2-3, citing DX 1, at §§ 3, 4, 14, 19.) In addition, "Coverall conducted exhaustive due diligence related to the account purchase transaction," including audits of the account contracts, and engaged counter-defendant Dun & Bradstreet to perform a lien search. (Doc. 28, DX 2, Vlaming aff., at ¶ 4; DX 3, Meronchuk aff., at ¶ 4.)

Coverall asserts that it "was an innocent, bona fide purchaser of the accounts, and completed the purchase transaction without knowledge of any liens or

4

encumbrances." (Doc. 38, at 2.)  Coverall states that, upon learning of Chase's claims in early 2008, Coverall "learned that D&B had failed to disclose the existence of a UCC Lien in Ohio that purportedly encumbered the accounts purchased by Coverall from CPS."  Id. at 3, citing DX 2, Meronchuk aff., at ¶ 4.

### III.  DUN AND BRADSTREET'S MOTION

The third-party defendant Dun & Bradstreet moves for summary judgment on the claims brought by Coverall on two grounds:  1)  Coverall's claims should be dismissed because they were not brought in the proper forum, and 2) D&B is entitled to judgment pursuant to the terms of the Master Agreement.  (Doc. 36, at 6, 11.)

Coverall's third-party complaint alleges breach of contract and negligence against D&B for failing to accurately perform a credit report and lien search.  The contractual relationship between Coverall and Dun & Bradstreet is governed by the Master Agreement between the two.  (Doc. 36, at 4; DX 1, Discovery responses, at p. 13; and DX 2.)

#### A.  Forum Selection Clause

Dun & Bradstreet argues that Coverall's claims should be dismissed because they were not brought in the proper forum under the Master Agreement's forum selection clause.  (Doc. 36, at 6-10.)  The "choice of law" section of the Master Agreement provides that:  "Any disputes arising out of this Agreement that cannot

5

be resolved by the parties will be brought in state or federal court located in Newark, New Jersey." (Doc. 36, DX 2, § 9.1.)

A forum selection clause is an agreement between the parties to a contract to submit to the jurisdiction of a particular court. Preferred Capital, Inc. v. Associates in Urology, 453 F.3d 718, 721 (6th Cir. 2006). The enforceability of a forum selection clause is a question of law. Preferred Capital, 453 F.3d at 721; Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1229 (6th Cir. 1995). Both Ohio and federal law treat forum selection clauses in a similar manner. Id. Here, the language of the forum selection clause is mandatory. ("Any disputes . . . will be brought . . . in Newark, New Jersey." Doc. 36, DX 2, § 9.1.) See generally General Elec. Co. v. G. Siempelkamp GmbH & Co., 29 F.3d 1095, 1099 (6th 1994) (clear mandatory clause should be enforced).

A forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. Preferred Capital, 453 F.3d at 721 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)); see also Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 563 (D. N.J. 2000) (forum selection clause presumptively valid). In determining the validity of a particular forum selection clause, the following factors should be considered: "(1) the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." Preferred Capital, 453 F.3d at 721; see also M/S Bremen, 407 U.S. at 15. See generally Gipson v. Wells Fargo & Co., 563 F.Supp.2d 149, 154 (D. D.C. 2008) (citing Carnival

Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)) (presumption in favor of forum selection clauses extends to boilerplate contracts); Haskel v. FPR Registry, Inc., 862 F.Supp. 909, 916 (E.D. N.Y. 1994) (same).

The contract at issue is indisputably a commercial contract between two for-profit business entities, and a forum selection clause in such a contract is prima facie valid. Preferred Capital, 453 F.3d at 721. Coverall does not dispute the commercial nature of the contract, nor does it allege fraud or overreaching.

Instead, Coverall argues that D&B has waived its claim of improper venue by failing to object to venue in its answer, or via a Rule 12 motion. (Doc. 38, at 4-5.)

Venue relates to the place where judicial authority may be exercised. Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 167-168 (1939). See generally 28 U.S.C. § 1391. A party may consent to be sued in a district which would be an improper venue, and objections to venue may be waived. Neirbo, 308 U.S. at 168. A forum-selection clause, however, involves a matter of contract, not an issue of proper venue. Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531, 535-536 (6th Cir. 2002); Haskel, 862 F.Supp. at 915. Coverall presents no authority for the proposition that a forum-selection clause is waived if not challenged, whether through a Rule 12 motion or in the party's answer. The court does not find that D&B has waived its right to invoke the forum selection clause.

Coverall contends that the doctrine of judicial economy dictates that Coverall's claims against D&B should be adjudicated in this court. (Doc. 38, at 5.) Federal courts have rejected the argument that considerations of judicial economy,

7

and the inconvenience and financial hardship of having to litigate claims in different forums, should overcome the parties' forum selection clause. See, e.g., Diesel Props S.r.L. v. Greystone Bus. Credit II, LLC, No. 07 Civ. 9580, 2008 WL 4833001, at *13 (S.D. N.Y. Nov. 5, 2008); Fred Lurie Assoc., Inc. v. Global Alliance Logistics, Inc., 453 F.Supp.2d 1351, 1355-1356 (S.D. Fla. 2006); see also Mayfield v. Crawford, No. 5:07CV2775 (N.D. Ohio July 3, 2008) (slip op., at 5-6). But see TransFirst Holdings, Inc. v. Phillips, Civ. No. 3:06-CV-2303-P, 2007 WL 631276, at *14 (N.D. Tex. Mar. 1, 2007) (contra); Fred Lurie Assoc., 453 F.Supp.2d at 1356 n.11 (citing cases contra).

Finally, the court acknowledges that neither Coverall nor Dun & Bradstreet chose the Northern District of Ohio as the forum for this suit. Plaintiff Chase filed the complaint against defendant Coverall in this court. Nevertheless, courts have repeatedly held that enforcing a forum selection clause invoked by a third-party defendant is not unreasonable. Lafargue v. Union Pacific R.R., 154 F.Supp.2d 1001, 1005 (S.D. Tex. 2001) (citing cases); Pascalides v. Irwin Yacht Sales North, Inc., 118 F.R.D. 298, 303 (D. R.I. 1988) (citing cases); see also Mayfield v. Crawford, No. 5:07CV2775 (N.D. Ohio July 3, 2008) (slip op., at 5-6).

The court finds that the forum selection clause in the Master Agreement is valid and controlling. To that extent, third-party defendant Dun & Bradstreet's motion for summary judgment is granted. However, D&B asserts that the court must dismiss the claims against it, rather than transfer the action. (Doc. 36, at 10.)

Dun & Bradstreet argues that "where, as here, a forum selection clause

8

allows for claims to be brought in a non-federal forum, i.e., state court in Newark, New Jersey, the appropriate remedy is for the Court to dismiss the claims rather than transfer the action." (Doc. 36, at 10, citing Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 297-298 (3d Cir. 2001).

The Third Circuit in Salovaara found that dismissal was "a permissible means," that is, within the district court's discretion, of enforcing a forum selection clause. Salovaara, 246 F.3d at 298. The court also stated that there is nothing that precludes a district court from considering whether transfer is the better course. Id. at 299. In fact, the court stated that, as a general matter, it makes better sense to transfer rather than dismiss, where the forum-selection clause points to another federal forum. Id. The court found that the district court "was not required" to treat the motion for dismissal as a motion to transfer, and upheld the dismissal.[2] Id. at 300.

Although Dun & Bradstreet seeks dismissal of Coverall's claims, the more appropriate course of action for enforcing a forum selection clause under these circumstances is to transfer the claims to the U.S. District Court for New Jersey, pursuant to 28 U.S.C. § 1404(a). Keating Fibre Int'l, Inc. v. Weyerhaeuser Co., Inc., 416 F.Supp.2d 1048, 1050-1051 (E.D. Pa. 2006); see also Schering Corp. v. First

---

[2] In its discussion, the Third Circuit cites Security Watch v. Sentinel Sys., Inc., 176 F.3d 369, 374 (6th Cir. 1999), as corroboration for a dismissal based on a forum selection clause which allowed suit in either state or federal court. While the clause in Security Watch did involve suit in either state or federal court, that was not a factor discussed in, and did not appear relevant to, the court's determination. See Security Watch, 176 F.3d at 374-376.

9

Databank, Inc., 479 F.Supp.2d 468, 470 (D. N.J. 2007) (citing Haskel). Generally, the procedure for transfer is initiated by motion; however, the court has authority to act sua sponte. Riordan v. W. J. Bremer, Inc., 466 F.Supp. 411, 417 (D. Ga. 1979) (citing cases). See also Hamilton v. Accu-Tek, 47 F.Supp.2d 330, 339 (E.D. N.Y. 1999) (citing cases); Kirby v. Mercury Sav. & Loan Ass'n, 755 F.Supp. 445, 448 (D. D.C. 1990).

> The relevant statutory language reads:
>
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Application of Section 1404(a) requires the court "to weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). "The presence of a forum selection clause . . . will be a significant factor that figures centrally in the district court's calculus." Id.

The convenience of the parties has been expressed in the forum-selection clause itself: Coverall and Dun & Bradstreet have made themselves subject to personal jurisdiction in Newark, and have consented to venue there. See, e.g., Ricoh Corp., 487 U.S. at 30 (forum selection clause represents parties' agreement as to forum); Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F.Supp.2d 367, 393 (S.D. N.Y. 2006); National Union Fire Ins. Co. of Pittsburgh v. Frasch, 751 F.Supp. 1075, 1078 (S.D. N.Y. 1990).

However, the court must also give consideration to the convenience of the witnesses, along with public-interest factors which come under the heading of "the

10

interest of justice." Ricoh Corp., 487 U.S. at 30. As discussed earlier, Coverall raises the doctrine of judicial economy, which the court does not find persuasive. (Doc. 38, at 5.) Coverall does not discuss the convenience of the witnesses or other considerations. The court does not find that honoring the parties' express and agreed forum-selection clause would be against the interests of justice.

The court GRANTS in part, and DENIES in part, third-party defendant Dun & Bradstreet's motion for summary judgment (doc. 36). The court finds that the forum selection clause in the Master Agreement is valid and controlling, and to that extent, the motion for summary judgment is granted. The court denies the motion to dismiss Coverall's claims, however, but rather transfers Coverall's third-party complaint, and those claims, to the U.S. District Court for New Jersey.


Dated:   June 1, 2009                     /s/ Kenneth S. McHargh
                                         Kenneth S. McHargh
                                         United States Magistrate Judge